DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| VIRGIN DIVING, LLC, and BRANDON TODD,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD BLAKE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 17-12<br>)<br>)<br>) |
| CHAD BLAKE and VIRGIN DIVING, LLC,<br><br>Counterclaimants,<br><br>v.<br><br>BRANDON TODD,<br><br>Counterclaim defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**APPEARANCES:**

**Lee J. Rohn, Esq.**
*Lee J. Rohn & Associates, L.L.C.*
*Christiansted, St. Croix, VI*
  *For the plaintiffs and the counterclaim defendant*,

**Christopher Allen Kroblin, Esq.**
*Kellerhals Ferguson Kroblin PLLC*
*St. Thomas, VI*
  *For the defendant and counterclaimants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Brandon Todd and Virgin Diving, LLC to remand this matter to the Superior Court of the Virgin Islands. Also before the Court is the motion of Brandon

Todd to dismiss the counterclaim. In each motion, Brandon Todd and Virgin Diving, LLC assert that this Court lacks subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL HISTORY

Brandon Todd ("Todd") is a U.S. citizen and resident of Texas.

Chad Blake ("Blake") is a citizen of Canada domiciled in St. Thomas.

In December 2015, Todd and Chad Blake ("Blake") created a limited liability company (LLC), Virgin Diving, LLC ("Virgin Diving"). Virgin Diving is engaged in the business of providing boating and scuba diving charters. Todd and Blake are the only members of Virgin Diving.

Todd alleges that Blake misappropriated funds from Virgin Diving by withdrawing company funds for personal use and depositing charter proceeds into personal accounts. Todd also alleges that, pursuant to Virgin Diving's Operating Agreement, Blake promised to contribute a vessel--the M/V Alyeska--to the LLC, but never did so.

On June 22, 2016, Virgin Diving and Todd filed a five count complaint against Blake and the M/V Alyeska in this Court. *See* ECF No. 3:16-cv-52. Count I alleged a maritime action for possession seeking recovery of the M/V Alyeska from Blake. Count

II alleged breach of fiduciary duty. Count III alleged breach of 13 V.I.C. § 1409. Count IV alleged a claim for conversion. Count V sought an accounting. On December 20, 2016, Virgin Diving and Todd voluntarily dismissed that action without prejudice.

On February 9, 2017, Virgin Diving and Todd filed a four count complaint in the Superior Court. Virgin Diving and Todd each allege the following counts against Blake: Count I for breach of fiduciary duty; Count II for breach of 13 V.I.C. § 1409; Count III for conversion; and Count IV for an accounting.

Virgin Diving and Todd filed an emergency application for a temporary restraining order and preliminary injunction in the Superior Court on January 24, 2017. In that petition, Todd alleged that Blake sold the M/V Alyeska without his permission. The petition sought to freeze the assets of the sale. The Superior Court issued a temporary restraining order on January 25, 2017.

Blake filed a notice of removal on February 13, 2017 alleging that this Court possessed diversity jurisdiction over the matter. On February 24, 2017, Blake also filed counterclaims against Todd alleging breach of contract, breach of fiduciary duty, and a claim for defamation. Blake also seeks dissolution

of Virgin Diving. The counterclaims list Virgin Diving as an additional counterclaimant.

Virgin Diving and Todd now move to remand this matter to the Superior Court for lack of subject matter jurisdiction. Virgin Diving and Todd also ask this Court to dismiss Blake's counterclaims for lack of subject-matter jurisdiction.

## II. DISCUSSION

An action may be removed to federal district court if the district court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Federal removal statutes 'are to be strictly construed against removal and all doubts are to be resolved in favor of remand.'" *Fuerzeig v. Innovative Commc'n Corp.*, 174 F. Supp. 2d 349, 353 (D.V.I. 2001) (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990)). "When considering a motion to remand, the removing party has the burden of establishing the propriety of the removal." *Id.* at 353 (quoting *Shapiro v. Middlesex County Mun. Join Ins. Fund*, 930 F. Supp. 1028, 1031 (D.N.J. 1996)). "A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286

(3d Cir. 2006). "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Id*. (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

### III. ANALYSIS

#### A. Diversity between a Limited Liability Company and its Members

Todd's motion to remand and motion to dismiss the counterclaims each assert that this Court lacks subject-matter jurisdiction over this matter. Blake contends that this action falls within the Court's diversity jurisdiction.

Diversity jurisdiction "requir[es] 'complete diversity between all plaintiffs and all defendants' …." *Lincoln Ben. Life Co. v. AEI Life*, LLC, 800 F.3d 99, 101 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Id*. (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). "In order to be a citizen of a State within the meaning of the diversity statute[1], a natural

---

[1] The diversity statute, 28 U.S.C. § 1332, provides, in pertinent part, that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

"Partnerships and other unincorporated associations . . . are not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–92, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). When determining the citizenship of unincorporated associations, "courts . . . look to the citizenship of all the . . . members of . . . [the] unincorporated association[] to determine whether

---

  the sum or value of $75,000, exclusive of interest and costs, and is between—

  **(1)**   citizens of different States;

  **(2)**   citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

  **(3)**   citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  **(4)**   a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

the federal district court has diversity jurisdiction." *Id.* "[T]he complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Swiger*, 540 F.3d at 183.

The notice of removal alleges--and no party contests--that "Virgin Diving, LLC is not a jural person for purposes of diversity and is, therefore a citizen of its members . . . ." ECF No. 1, at ¶ 4. As such, Virgin Diving's citizenship is that of Chad Blake and Brandon Todd.

As to Chad Blake, he submitted an affidavit stating that he is a citizen of Canada. *See Aff. of Chad Blake*, ECF No. 5-3, at 1. Moreover, at a September 13, 2018, hearing on Todd's motion to remand, Blake testified that he is a citizen of Canada, who resides in, and intends to continue residing in, the U.S. Virgin Islands pending renewal of his permanent residency or attainment of U.S. citizenship. Hr'g Test. of Chad Blake at 2:25 – 2:31 P.M. Blake's testimony was unrebutted. The Court finds that there is sufficient record evidence to establish that Blake is a citizen of a foreign state.

With respect to Brandon Todd, the Court heard testimony from Todd indicating that he is a U.S. citizen residing in Austin, Texas. Hr'g Test. of Brandon Todd at 2:12 P.M. Todd indicated that, in 2016, he moved permanently to, and intends to

remain in, Austin, Texas. *Id*. at 2:14 – 2:15 P.M. The Court finds that there is sufficient record evidence to establish that Todd is a citizen of Texas.

The evidence adduced from the September 13, 2018, hearing, as well as from all the submissions on the record, clearly establish that the individual parties Todd and Blake are diverse. The record also establishes that Virgin Diving is a citizen of a foreign state and also a citizen of Texas. The effect of Virgin Diving's dual citizenship raises a jurisdictional question for this Court.

The issue presented is whether a lawsuit by an LLC and one of its members against another member of that LLC, who shares the citizenship of the LLC, destroys complete diversity. The Third Circuit has addressed this issue in the context of partnerships in *HB General Corp. v. Manchester Partners, L.P. See* 95 F.3d 1185, 1190 (3d Cir. 1996). That case involved a dispute among and between three partners, HB General Corporation ("HB General"), HB Limited Corporation ("HB Limited"), and Manchester Partners, L.P. ("Manchester"), that comprised a partnership, HB Partners, L.P. ("HB Partners"). HB General and HB Limited filed suit against Manchester. *Id*. at 188. Manchester filed a motion to dismiss, arguing that HB Partners was an indispensable party to the action that could not be joined

without destroying diversity. *Id*. at 1190. The district court granted the motion. *Id.*

On appeal, the Third Circuit noted that HB General and HB Limited were both citizens of Delaware and Vermont. *Id*. at 1191. Additionally, the Court of Appeals noted that Manchester was a citizen of New Jersey. *Id*. The Third Circuit concluded that HB Partners was a citizen of Vermont, New Jersey, and Delaware based on the citizenship of all its members. *Id*. Thus, the Third Circuit found that diversity would be destroyed by adding HB Partners as a plaintiff because both HB Partners and defendant Manchester were citizens of New Jersey. *Id.*

Here, Todd and Blake--as members of Virgin Diving--share their citizenship with Virgin Diving for purposes of diversity. Thus, Virgin Diving is deemed both a citizen of a foreign state--due to Blake's status as a Canadian citizen--and a citizen of Texas--due to Todd's domicile.

Where, as here, an action is between citizens of a State and citizens of a foreign state, 28 U.S.C. § 1332(a)(2) outlines the circumstances under which diversity jurisdiction, also referred to as alienage jurisdiction, may be established. In pertinent part, 28 U.S.C. § 1332 provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

>sum or value of $75,000, exclusive of interest and costs, and is between—
>
>…
>
>(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2). "Under the complete diversity requirement of alienage jurisdiction, diversity jurisdiction does not encompass suits by foreign plaintiffs against foreign defendants. This exclusion extends to cases involving an alien on one side and an alien plus a U.S. citizen on the other." 15 Moore's Federal Practice, § 102.77 (Matthew Bender & Co., 2013) (citing, *inter alia*, *Singh v. Daimler-Benz, A.G.*, 9 F.3d 303, 305 (3d Cir. 1993)); *see also Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir. 1980) (holding that complete diversity was lacking in a lawsuit between an alien and a citizen co-plaintiffs and an alien defendant); *Dresser Indus. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498-99 (3d Cir. 1997) (distinguishing § 1332(a)(2), which requires complete diversity, from § 1332(a)(3), which does not). In other words, the presence of aliens on both sides of a civil action in which U.S. citizens appear on only one side destroys otherwise good alienage jurisdiction. Thus, because both Blake and Virgin

Diving are aliens, and a U.S. citizen--Todd--is present only on one side of this action, the Court does not have diversity jurisdiction.[2]

Having determined that Virgin Diving's presence destroys complete diversity, the court will next address whether Virgin Diving is a dispensable party under these circumstances.

**B. Dispensable Parties under Fed. R. Civ. P. 21**

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. That authority may be used to dismiss a dispensable party to achieve diversity, *see Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1069 (3d Cir. 1979), even though diversity did not exist when the case was initially removed, *see Sweeney v. Westvaco Co.*, 926 F.2d 29, 41 (1st Cir. 1991) (Breyer, C.J.); *Highland Capital Mgmt. LP. v. Schneider*, 198 F. App'x 41, 45 (2d Cir. 2006). Indeed, the U.S. Supreme Court has observed that "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment

---

[2] Note that for purposes of considering diversity jurisdiction over the counterclaim, Todd--a member of Virgin Diving--shares his citizenship for diversity purposes with Virgin Diving. Thus, complete diversity is destroyed by their presence on opposing sides of the counterclaim. *See* 28 U.S.C. § 1332(a)(1).

has been rendered." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572-73, (2004) (citations omitted) (internal quotation marks omitted).

Whether a party is dispensable is determined by Federal Rule of Civil Procedure 19(b):

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. Pr. 19(b). The Rule 19(b) inquiry is guided by pragmatic considerations, rather than technical or formalistic legal distinctions. *See HB Gen. Corp.*, 95 F.3d at 1191; FED. R. CIV. P. 19 Advisory Committee Notes to the 1966 Amendment. The Third Circuit has held that

> parties are indispensable if in the circumstances of the case [they] must be before the court. In other words, indispensable parties are [p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such

>     a condition that its final termination may be wholly
>     inconsistent with equity and good conscience.

*Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010) (alterations in original) (citations omitted) (internal quotation marks omitted).

Todd argues that Virgin Diving is indispensable because Todd has standing only derivatively to vindicate Virgin Diving's interests, specifically the claim for conversion of the M/V Alyeska and company assets and funds.[3] Todd asserts that Virgin Diving is the party who would be entitled to any damages. Additionally, Todd argues that, in an action for dissolution, the members of an LLC cannot adequately represent the LLC's interest in determining the validity of creditors' claims because such claims would compete with the members' claims and not be able to reach the members personally. Finally, Todd argues that a judgment without Virgin Diving would possibly subject Blake to multiple potentially inconsistent verdicts

---

[3] Pursuant to the Virgin Islands Uniform Limited Liability Company Act (ULLCA), 13 V.I.C. § 1101, et seq., under which Virgin Diving was formed, "[a] limited liability company is a legal entity distinct from its members." 13 V.I.C. § 1201. "A member is not a co-owner of, and has no transferable interest in, property of a limited liability company." 13 V.I.C. § 1501(a). A derivative action, however, may be brought by a member of an LLC in order to protect the LLC's property if the controlling member or members refuse to do so. 13 V.I.C. § 2101. In order to have standing to assert a derivative action, "the plaintiff must be a member of the [LLC] when the action is commenced, and: (1) must have been a member at the time of the transaction of which the plaintiff complains; or (2) the plaintiff's status as a member must have devolved upon the plaintiff by operation of law or pursuant to the terms of the operating agreement from a person who was a member at the time of the transaction." 13 V.I.C. § 2102.

because Virgin Diving could subsequently bring a separate suit against Blake.

The Third Circuit addressed these issues in *HB General Corp.* In analyzing HB Partners's interest in the suit, the Third Circuit noted that

> Delaware treats partnerships--even general ones--as entities for purposes of owning property. For example, a partnership can acquire and convey real property in its own name; an individual partner has only limited rights to possession and assignment of partnership property; an individual partner's right in partnership property is not subject to attachment or execution, except on a claim against the partnership; and an individual partner cannot devise partnership property. Moreover, this Partnership has several property interests that are implicated by this litigation. Most obviously, if Manchester wins this litigation, it will compel a sale of the Partnership's undeveloped real property. In addition, a partnership's causes of action are themselves partnership property, and the Partnership may have a cause of action that will be effectively decided in this case. Manchester has allegedly breached a duty to the Partnership, and thus it appears that the Partnership itself has a cause of action against Manchester.

*HB Gen. Corp.*, 95 F.3d at 1192-93 (citations omitted).

In reaching its decision in *HB Gen. Corp.*, the Third Circuit considered an analogous case in the Fourth Circuit, *Delta Financial Corp. v. Paul D. Comanduras & Associates*, 973 F.2d 301 (4th Cir. 1991). In *Delta*, Delta Financial Corporation ("Delta") and Paul D. Comanduras & Associates ("PDC") were the only two partners in a partnership, Vanguard Limited Partnership ("Vanguard"). *Delta*, 973 F.2d at 303. Delta sought an order

directing PDC to arbitrate PDC's disputes with Delta. *Id.* at 302. Delta's complaint indicated that it sought through the arbitration the dissolution of the partnership and liquidation of its assets worth many hundreds of thousands of dollars. *Id*. at 304. The Fourth Circuit stated:

> Even if the partnership entity may under some circumstances be a necessary or indispensable party to litigation involving the constituent partners, which we do not suggest, we are of opinion that Vanguard is not necessary or indispensable to the instant dispute. This action arises out of a strictly internal conflict between the partners, all of whom, after our decision today, will be before the district court. PDC has failed to establish that Vanguard itself has any interest distinct from the interests of the several partners. Thus, we are satisfied that "complete relief [may] be accorded among those already parties," that Vanguard claims no interest different from the interest of the partners that may be impaired by the disposition of the case, and that Vanguard's absence will not "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."

*Id*. at 303-04.

Returning to its analysis of *HB Gen. Corp.*, the Third Circuit addressed whether an entity is necessarily indispensable when a derivative claim is brought on its behalf. The Court of Appeals noted that the Supreme Court has admonished that "[w]hether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation," and that "there is no prescribed formula for

determining in every case whether a person … is an indispensable party." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 & n.14 (1968) (citations omitted) (internal quotation marks omitted). Thus, the Third Circuit noted that "even if it is the rule that the corporation is indispensable in a shareholder's derivative action, the partnership context in general, and this case in particular, are distinguishable." *HB Gen. Corp.*, 95 F.3d at 1196. Thus, the Third Circuit found that whether or not "the HB entities are suing derivatively, directly on behalf of the Partnership, or directly as individuals," the Partnership was dispensable because "we are easily able to determine that the individual partners effectively represent the Partnership." *Id.*

In concluding that the partnership, HB Partners, was a dispensable party, the Court of Appeals reasoned that: (1) although the partnership was a separate entity, its interests were adequately represented under the circumstances presented in that case because all of the partners were party to the action, and (2) the district court could adequately protect the partnership's interests. *HB Gen. Corp., L.P.,* 95 F.3d at 1191. In finding that the HB Partners's interests were adequately represented, the Third Circuit noted:

>      Even though the Partnership has its own interests, it is an artificial entity: its interests must ultimately derive from the interests of the human beings that are its members . . . Following Rule 19's pragmatic approach, we are guided by common sense. A partnership's interests as an entity consist of an aggregation of those interests of each of the individual partners that are relevant to the purpose of the partnership. Thus, at least in certain cases, it is possible that a partnership's interests can be effectively represented in litigation by participation of its partners.

*HB Gen. Corp.*, 95 F.3d at 1193. It further reasoned that any prejudice to the defendant could be allayed by: (1) enjoining the plaintiff partners from filing a subsequent suit on behalf of the partnership; and (2) requiring the partnership to release its claim again Manchester. *Id*. at 1191-92; see *also Foster Owners Co. LLC v. Farrell*, 2015 U.S. Dist. LEXIS 21588, at *19 (D.N.J. Feb. 23, 2015) (holding a small limited liability company dispensable because the presence of all members ensured the Court could fashion a judgment with provisions protecting the parties from prejudice and ); *R & R Capital, LLC v. Merritt*, 2007 U.S. Dist. LEXIS 78754, at *25-29 (E.D. Pa. Oct. 23, 2007) (finding a limited liability company dispensable under the Rule 19(b) analysis); cf. *Dickson v. Murphy*, 202 F. App'x 578, 582 (3d Cir. 2006) (finding the District Court did not abuse its discretion in determining the non-joined parties were indispensable in part because relief could not be shaped so as to lessen prejudice to the defendant because the Court could not

enjoin subsequent suits on behalf of a non-joined party). The Third Circuit then remanded the case to the district court to "fashion protective provisions in the judgment to protect Manchester from a subsequent suit and [ensure] that the interests of the Partnership will be effectively represented." *Id.* at 1198–99.

Similar to *HB Gen. Corp.*, it appears that Virgin Diving's interests are adequately represented by the presence of all members in this action. Furthermore, as in *HB Gen. Corp.*, the Court may prevent prejudice to Blake and Todd by enjoining both parties from filing subsequent suits on behalf of the partnership regarding these matters; requiring the partnership to release its claims against both parties regarding these matters; and exercising diversity jurisdiction over this case.

Considering the similarities between the context in *HB Gen. Corp.* and this case, the Court finds that Virgin Diving's

interests are effectively represented by the presence of both its members. Thus, Virgin Diving is a dispensable party.

The premises considered, it is hereby

**ORDERED** that Virgin Diving is **DISMISSED** from the case as a plaintiff and counterclaimant; it is further

**ORDERED** that the motion to remand is **DENIED**; and it is further

**ORDERED** that the motion to dismiss is **DENIED.**

S\_____
**Curtis V. Gómez
District Judge**