**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**
**************************

| | |
|---|---|
| **BRANDON TODD** ) | |
| ) | **CASE NO.  3:17-cv-00012** |
| **Plaintiff,** ) | |
| ) | **(Superior Court Case No. 749/2016)** |
| v. ) | |
| ) | |
| **CHAD BLAKE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |
| ) | |
| **CHAD BLAKE** ) | |
| ) | |
| **Counter-Claimant,** ) | |
| ) | |
| v. ) | |
| ) | |
| **BRANDON TODD,** ) | |
| ) | |
| **Counter-Defendant.** ) | |
| _____) | |

**MOTION TO STRIKE CERTAIN OF TODD'S RESPONSES TO**

**BLAKE'S STATEMENT OF MATERIAL FACTS**

**COMES NOW** Defendant/Counter-Claimant **CHAD BLAKE** ("Blake"), by and through KELLERHALS FERGUSON KROBLIN PLLC ("KFK"), and hereby moves to strike certain of Brandon Todd's ("Todd") Response to Undisputed Facts [D.E. 212] and in support thereof states as follows:

**I.  Certain Portions of Todd's Response to Blake's Statement of Material Facts Must be Stricken as Non-Responsive and For Failure to Comply with LRCi 56.1**

On April 1, Blake filed a Statement of Material Facts in Support of his Motion for Summary Judgment. D.E. 206. Pursuant to Rule 56.1(b) of the Local Rules of Civil Procedure, Todd had twenty days, or until April 21, to respond to the Motion for Summary Judgment.

On April 20, the Court granted Todd's motion for extension of time to file a response to the Blake's Motion for Summary Judgment, allowing Todd until May 6, 2021 to file his response. D.E. 210. On May 6, Todd filed a Response to Blake's Statement of Material Facts [D.E. 212]. Certain portions of Todd's Response, however, are not responsive to Blake's Statement of Material Facts and fail to comply with the procedure for responding to statements of fact set forth in Rule 56.1(b) of the Local Rules of Civil Procedure. Accordingly, those portions of Todd's Response must be stricken.

**II.     Todd's Response to Blake's Statement of Material Facts Fails to Comply with LRCi 56.1(b)**

Rule 56.1(b) of the Local Rules of Civil Procedure specifies the procedure to be followed by a party responding to a statement of material facts in support of a motion for summary judgment. Rule 56.1(b) states: "[t]he respondent must address the facts upon which the movant has relied pursuant to subsection (a)(1), using the corresponding serial numbering and either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed." Additionally, Rule 56.1(b) permits the party responding to a summary judgment motion to "file a concise statement of any additional facts that the respondent contends are material to the motion for summary judgment and as to which the respondent contends there exists a genuine issue to be tried."

The Third Circuit has upheld a District Court's decision to strike non-compliant portions of a party's response to a statement of material facts on the grounds that the responses were not concise and were argumentative. *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018)

(analyzing Middle District of Pennsylvania Local Rule 56.1[1]). "It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules." *Id*.

As demonstrated below, paragraphs 3, 4, 8, 18, and 25 of Todd's Response to Blake's Statement of Material Facts does not comply with the procedure mandated by Rule 56.1.

### A. Todd's Response to SOF 3

Blake's Statement of Fact 3 simply states: "The company [Virgin Diving] only operated for approximately six months." During his deposition, Todd testified that Virgin Diving was in business "from late December 2015 to June of 2016." D.E. 212-1 at 71:7-13 (Q: Okay, Now, the company – about how long would you say that Virgin Diving was doing business? A: Where I was allowed to know any part of the business, it was from late December 2015 to June of 2016. Q: Okay. A: That's all I know about.")

Instead of admitting Blake's SOF 3, Todd denies SOF and, in a response that spans four pages, makes all manner of claims and allegations unrelated to the fact alleged, that Virgin Diving only operated for approximately six months. Accordingly, Todd's Response to SOF 3 must be stricken because it fails to disclose Todd's deposition testimony and is argumentative and non-responsive.

### B. Todd's Response to SOF 4

Blake's SOF 4 gives a factual account of litigation brought by Todd against Blake. It states:

> In June 2016, approximately six months after Virgin Diving began operating, Todd filed an action in the District Court of the Virgin Islands to arrest the M/V Alyeska. He subsequently dismissed that litigation and filed a new Complaint in the Superior

---

[1] Middle District of Pennsylvania Local Rule 56.1 provides, in relevant part: "The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements."

Court of the Virgin Islands. Blake removed that action to this Court. *See* Verified Complaint [D.E. 1] and Motion for an Order Directing the Clerk of Court to Issue the Warrant of Arrest [D.E. 4] filed in the District Court of the Virgin Islands, Division of St. Thomas and St. John, as Case No. 3:16-cv-00052.

Although the Court's own records demonstrate the truth of Blake's SOF 4, Todd denies SOF 4 and launches into claims about *why* Todd filed an action to arrest to Alyeska. Implicit in Todd's response is an admission that Todd did in fact file an action to arrest the Alyeska. Therefore, Todd's denial of SOF 4 is improper and not supported by any evidence. Accordingly, Todd's Response to Blake's SOF 4 should be stricken as non-responsive, inaccurate, and argumentative.

### C. Todd's Response to SOF 8

Blake's SOF 8 quotes the Magistrates Judge's Report & Recommendations docketed at D.E. 109 at 9. It states:

> In analyzing Todd's failed fraudulent misrepresentation claim against Blake's counsel, KFK, the Magistrate Judge's Report & Recommendations states: "Once Blake directed the law firm to move, in October 2016, to have a receiver appointed to sell the vessel, it is not plausible that Todd continued to rely on the law firm's earlier statements that Blake had no intention of selling the vessel." D.E. 109 at 9.

Rather than admitting that the Report & Recommendations says what it says, Todd's Response denies SOF 8 and makes wild allegations about the sale of the vessel and disagrees with the Report & Recommendations and discusses a mediation and other miscellaneous testimony. Accordingly, Todd's Response to SOF 8 should be stricken as non-responsive and argumentative.

### D. Todd's Response to SOF 18

Again, Blake's Response to SOF 18 quotes an email written by Todd. SOF 18 states:

> Todd agreed in writing that Blake should pay himself a salary of $5,000 per month. **Exhibit C**. On April 21, 2016, Blake wrote to Todd that Blake would be billing the company $5,000 per month beginning in the middle of that month. The next day Todd responded, "Yeah your pay got lost in the whole Patagon debacle. I'm agree you should make at least this as a baseline and am cool with it."

Instead of admitting that Todd's email says what it says, Todd's Response denies SOF 18. Todd's Response, however, does not simply deny that the email says what it says, as required by Rule 56.1; instead, Todd's Response to SOF 18 spans no less than eleven (11) pages. Such a lengthy, irrelevant, non-responsive response is prohibited by Rule 56.1. Moreover, Rule 56.1 explicitly provides that the party responding to a statement of facts may, if it wishes, "file a concise statement of any additional facts that the respondent contends are material to the motion for summary judgment and as to which the respondent contends there exists a genuine issue to be tried." Here, Todd's Response does the opposite. Instead of filing concise statement of additional facts, Todd's Response includes eleven pages of non-responsive paragraphs in response to Blake's Statement of Fact quoting an email written by Todd. Accordingly, Todd's Response to SOF 18 must be stricken as non-responsive and for failing to comply with Rule 56.1.

    **E. Todd's Response to SOF 25**

Blake's SOF 25 states: "During his deposition, Todd claimed that an unnamed 'guy who worked with [Blake]' 'told [Todd] some tales about things that had been going on, but no specifics . . . .' **Exhibit B** at 72:1-73:10." Instead of agreeing that SOF is undisputed or demonstrating that the evidence is disputed, Todd's Response states: "This statement is incomplete and taken out of context. See RSOF 24." D.E. 212 at 30. Todd's Response does not comply with Rule 56.1 because it neither agrees that the fact is undisputed nor demonstrates that the fact is disputed. Accordingly, Todd's Response to SOF 25 should be stricken.

**III.    Conclusion: Todd's Responses to Blake's SOF 3, 4, 8, 18, and 25 Must be Stricken**

Todd's Responses to Blake's Statement of Facts 3, 4, 8, 18, and 25 are not responsive and do not comply with the procedure set forth in Local Rule 56.1. Accordingly, Todd's Responses to Blake's Statements of Fact 3, 4, 8, 18, and 25 must be stricken.

Respectfully,

Dated: May 20, 2021                        */s/ Christopher Allen Kroblin*
**CHRISTOPHER ALLEN KROBLIN, ESQ.**
**MARJORIE WHALEN, ESQ.**
V.I. Bar No. 966 & R2019
KELLERHALS FERGUSON KROBLIN PLLC
Royal Palms Professional Building
9053 Estate Thomas, Suite 101
St. Thomas, V.I. 00802-3602
Telephone: (340) 779-2564
Facsimile: (888) 316-9269
Email: ckroblin@kellfer.com
               mwhalen@kellfer.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of May 2021, a true and exact copy of the foregoing **Motion to Strike Certain of Todd's Responses to Blake's Statement of Material Facts** was served on the following via CM / ECF:

Lee Rohn, Esq.
Lee J. Rohn and Associates, LLC
1101 King Street
Christiansted, V.I. 00820
*lee@rohnlaw.com*

A. Jeffrey Weiss, Esq.
6934 Vessup Lane
St. Thomas, V.I. 00802
*jeffweiss@weisslaw-vi.net*                        */s/ Christopher Allen Kroblin*