DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BRANDON TODD, <br>          Plaintiff, <br> <br>                    v. <br> <br> CHAD BLAKE <br>          Defendant. <br> <br> CHAD BLAKE, <br>          Counterclaimant, <br> <br>                    v. <br> <br> BRANDON TODD, <br>          Counterclaim Defendant. | Civil No. 3:17-cv-0012 |

**APPEARANCES:**

**Lee J. Rohn, Esq.**
Lee J. Rohn & Associates, L.L.C.
Christiansted, St. Croix, VI
    *For the Plaintiff and the Counterclaim Defendant Brandon Todd*,

**Christopher Allen Kroblin, Esq.**
Kellerhals Ferguson Kroblin PLLC
St. Thomas, VI
    *For the Defendant and Counterclaimant Chad Blake.*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

    **BEFORE THE COURT** is Plaintiff/Counterclaim Defendant Brandon Todd's Motion for Jury Trial filed on March 23, 2021. (ECF No. 201.) For the reasons stated below, the Court will deny the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    As the parties are familiar with the facts of this case, the Court will recite only those facts material to the instant motion.

The instant matter stems from a protracted legal battle between Brandon Todd ("Todd") and Chad Blake ("Blake") regarding their now defunct business, Virgin Diving LLC ("Virgin Diving"). Todd and Blake formed Virgin Diving in December of 2015 "to offer boat and scuba diving charters for hire." (ECF No. 1-3 at 1.) Todd alleges that "[d]uring the 'few short months it was in business,'" Blake, engaged in self-dealing, embezzled company funds, failed to contribute agreed upon funds to the company, refused to "wind up" the company, and otherwise "misappropriated or wasted" company funds. *See generally id.*

On February 9, 2017, Todd filed a four-count complaint against Blake ("Blake") in the Superior Court of the Virgin Islands, alleging: breach of fiduciary duty; breach of 13 V.I.C. § 1409; conversion; and an action for an accounting.[1] (ECF No. 1-3.) The action was removed to this Court on February 13, 2017. (ECF No. 1.) Blake filed an answer to Todd's complaint and counterclaims on February 24, 2017, alleging (1) breach of contract; (2) breach of fiduciary duty; (3) defamation; and (4) seeking judicial supervision in the dissolution of Virgin Diving. (ECF No. 3.) Neither party asserted their right to a jury trial in those filings. The complaint was subsequently amended to include a fifth count of fraud/fraud in the inducement. (ECF No. 87-1.)

The filing of the Complaint and Counterclaim have since been followed by years of discovery and motion practice. During that time, on July 5, 2018, Todd acquired new counsel. (ECF No. 28.)

On October 5, 2020, the Magistrate Judge entered a Revised Trial Management Order ("October 5th Order") in which the parties were ordered, *inter alia*, to "file their . . . proposed jury instructions no later than July 12, 2021." (ECF No. 145 at 2.) On February 10, 2021, Blake filed a motion to amend the "portions of the [October 5th Order] that contemplate a jury trial instead of a bench trial . . .," arguing that Todd waived his right to a jury trial when he failed to timely assert said right.[2] (ECF No. 191 at 1.) On February 11, 2021, the Magistrate Judge entered an order ("February 11th Order") requiring Todd to "notify the Court of where in

---

[1] Virgin Diving was previously a Plaintiff in this case, but was dismissed on September 26, 2018, pursuant to an order finding that its interests were "adequately represented by the presence of all members in this action." (ECF No. 43 at 18.)

[2] Blake also moved to extend the December 15, 2020 deadline for depositions as prescribed by the October Order. (ECF No. 191 at 1.) The Magistrate Judge denied request for the extension in her February 11th Order. (ECF No. 192 at 2.)

the record of this case he made a demand for a jury trial," or otherwise "provide citation to the authority that supports his position that a jury demand has not been waived." (ECF No. 192.) Todd filed his response to the court order on February 16, 2021, in which he conceded that no timely jury demand was made pursuant to Fed. R. Civ. P. 38. (ECF No. 194 at 1.) Notwithstanding, Todd argued that he "repeatedly submitted jury demands later in the case," that "all parties agreed to a jury trial" in the Report of Parties Planning Meeting, (the "Report"). *Id.* Additionally, he asserted that "the Court should exercise its discretion pursuant to Fed. R. Civ. P. 39 and order a jury trial . . . ." *Id.* Blake replied on February 17, 2021. (ECF No. 195.)

On March 9, 2021, the Magistrate Judge entered an order ("March 9th Order") granting the motion to amend, reasoning that no jury demand had been made with the Complaint and "[t]he mere inclusion of the words 'jury trial demanded' in the caption of some of Todd's subsequent filings did not create a right to a jury trial where none had been properly demanded." (ECF No. 199.) On March 23, 2021, Todd filed the instant motion for jury trial. (ECF No. 201.) Blake filed his opposition on April 6, 2021. (ECF No. 207.)

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 38(b), "a party may demand a jury trial by . . . serving other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served . . . ." The rules further provide that a when a matter has been removed to federal court, "a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after: (i) it files a notice of removal; or (ii) it is served with a notice of removal filed by another party." Fed. R. Civ. P. 81(c). The right to a jury trial in a civil action is waived if not properly demanded. Fed R. Civ. P. 38(d); *see also Kantamanto v. North*, 375 F. App'x 163, 164 (3d Cir. 2010) ("A party waives a jury trial if the demand is not properly served and filed).

Notwithstanding, under Fed. R. Civ. P. 39(b), courts have the discretion to permit untimely jury demands "on motion, . . . on any issue for which a jury might have been demanded." Denials of requests for jury trials under Rule 39 are reviewed for abuse of discretion. *U.S. S.E.C. v. Infinity Grp. Co.,* 212 F.3d 180, 195 (3d Cir. 2000). The Third Circuit

has established a five-factor balancing test for district courts to utilize in determining whether to permit an untimely demand for jury. Under *Infinity*, courts must consider

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand

*Infinity*, 212 F.3d at 196 (hereinafter the "*Infinity* factors").

### III. DISCUSSION

#### A. Jury Demand Under Rule 38

It appears that Todd seeks to argue, at least in part, that a motion under Rule 39 is unnecessary because Todd "repeatedly submitted jury demands later in the case" and the parties "agreed to a jury trial" in the Report. (ECF No. 201. at 1.) The Court is unconvinced by this argument.

Rule 38 is unambiguous. If a party fails to properly demand a jury trial within fourteen days of the last pleading directed to the issue served, or within fourteen days of the filing or service of the notice of removal, it waives its right to a jury trial. The waiver may be set aside at the Courts discretion on motion, under Fed. R. Civ. P. 39(b). The rules provide no other mechanism through which a waived jury trial may be revived. Courts have routinely held that assertions of a jury trial outside of a formal demand do not nullify a waiver. *See Hare v. H&R Indus.*, Civ. No. 00-cv-4533, 2001 U.S. Dist. LEXIS 8661, at *2-3 (E.D. Pa. June 26, 2001) (plaintiff who began to include "jury trial demanded" in the caption of filings 21 days after the deadline was not entitled to a jury trial because "[a] party may not insert an untimely jury demand into a case by stealth"); *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) (finding that an amended complaint does not revive a waived jury demand); *Ballas v. City of Reading*, Civ. No. 00-cv-2943, 2001 U.S. Dist. LEXIS 7966, at *2 (E.D. Pa. June 12, 2001) ("[N]otation on the Cover Sheet is not a substitute for the service of written notice on the defendants required by the Federal Rules.") (collecting cases).

In his motion for jury trial, Todd again concedes that no timely jury demand was made. (ECF No. 201 at 1.) However, Todd contends that a jury demand was made on July 5, 2018, "when his new attorney filed a notice of appearance," and that a jury demand appeared on every filing thereafter. *Id.* at 2. Todd further argues that parties agreed to a jury trial in a

Report of Parties Planning Meeting (the "Report"), filed jointly by the parties on November 1, 2018, which provided that the estimated "length of time to try this case to verdict, including the selection of a jury, is 2 days." *Id.* Todd argues that these filings, in conjunction with Blake's failure to object to the jury trial until February 10, 2021, are "sufficient for this Court to proceed with the jury trial already contemplated by the parties and this Court . . . ." *Id.*

This matter was removed to federal court on February 13, 2017. (ECF No. 1.) Todd had until February 27, 2017, to file his jury trial demand. He failed to file a demand within that timeline. Under Rule 38, he has waived his right to a jury trial, notwithstanding language referencing jury trials in the Report and other filings. Accordingly, Court may only consider disturbing this waiver on motion under Rule 39. To imply otherwise is to ask the Court to circumvent the compulsory procedural rules which exist for the benefit of the Court and parties, alike.[3]

Therefore, a motion under Rule 39 is required for Todd to find relief from his jury trial waiver.

### B. **Jury Demand Under Rule 39 –** *Infinity* **Factors**

Todd argues that four of the five *Infinity* factors weigh in favor of granting the motion. First, Todd contends that the majority of the claims raised in the complaint and counterclaim are "highly fact intensive issues that are more suitable for a jury." (ECF No. 201 at 5.) Todd next argues that the motion would not disrupt the schedule of the court or the adverse party, as "the parties and this Court have proceeded consistent with the agreement the Report of Planning Meeting" since 2018, and the Court has previously scheduled a jury trial. *Id.* Todd argues that a jury trial would not prejudice Blake, as he "agreed to a jury trial" in the Report

---

[3] In addition to the motion for jury trial, Todd filed an Objection and Appeal of the [March 9th Order] on March 23, 2021. (ECF No. 202.) Todd specifically objects to the Magistrate Judge's "fail[ure] to address at all that the parties agreed to a jury trial in their jointly filed Report of Parties Planning Meeting." *Id.* at 1. In so doing, Todd again implies that the alleged agreement nullified his waived right to a jury trial.

Litigants may make "serve and file objections" to a magistrate judge's order on nondispositive matters "within 14 days after being served with a copy" thereof. Fed. R. Civ. P. 72(a). Upon appeal, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Having considered the disputed language of the Report of Parties Planning Meeting and analyzed such language in accordance with the applicable rules, *supra*, the Court finds no error. The Court further finds that the March 9th Order is consistent with the law. Therefore, Todd's objection is overruled.

of Planning Meeting. *Id.* Todd further contends that Blake failed to raise an objection to the "jury trial demands" in Todd's filings, nor did he raise an objection to the Courts scheduling of a jury trial in two trial management orders. *Id.* As to the fourth and fifth factors, Todd does not address the length of the delay, but argues that any delay stemmed from his former counsel's inadvertence, which the Court has the discretion to forgive. *Id*. Accordingly, Todd argues that the Court should grant the instant motion for jury trial.

In his reply, Blake counters that the claims presented in this matter are "suitable for bench trial," and that a jury trial would impact the Court's schedule because they tend to be more time consuming than bench trials. (ECF No. 207 at 8.) Blake next argues that he would suffer prejudice because a jury trial, if permitted, "would assist Todd in pursuing his stated promise to bankrupt Blake." *Id.* Blake further asserts that the motion is "indisputably late" and that there is no evidence that the lack of jury trial demand was due to the inadvertence of counsel. *Id.* Blake argues that, instead, the instant motion "reflects a change in strategy," which would undermine the purpose of Rule 39. *Id.*

The Court will consider each factor in turn.

### 1. Whether the Issues are Suitable for a Jury

The first *Infinity* factor requires the Court to consider whether the issues presented are suitable for a jury. Between the Complaint and Counterclaim, there are six unique claims: breach of fiduciary duty; conversion; breach of contract; defamation; fraud; and an action for an accounting. *See* ECF Nos. 1-3, 3, 87-1. Blake also seeks judicial supervision in the dissolution of Virgin Diving. (ECF No. 3.) The Court finds that these claims are suitable for jury trial.

The Seventh Amendment to the United States Constitution entitles litigants to jury trials for actions at law. U.S. Const. amend VII. The Supreme Court has described certain claims as "unmistakably actions at law triable to a jury . . . for example . . . damages to a person or property, for libel and slander, . . . and for conversion of personal property." *Ross v. Bernhard*, 396 U.S. 531, 533 (1970). Other courts in this circuit have found that claims of breach of contract, fraud, conversion, and breach of fiduciary duty are issues that are, at the very least, "equally triable before a jury or the Court." *Fort Washington Res., Inc. v. Tannen*,

852 F. Supp. 341, 343 (E.D. Pa. 1994); *see also Kyle v. Apollomax, LLC*, Civ. No. CA 12-152-RGA, 2012 WL 4963370, at *2 (D. Del. Oct. 17, 2012).

Five issues listed above are legal issues that have been explicitly held as suitable for trial by jury. To the extent that the remaining issues are equitable issues, the right to jury trial is preserved when the dispute involves both legal and equitable claims. *See Asten Johnson*, *Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 228 (3d Cir. 2009). Furthermore, Blake's argument that the issues are "suitable for a bench trial" is inapposite. The first *Infinity* factor does not require the Court to consider whether the issues are suitable for a bench trial, only whether they are suitable for a jury trial.

The Court concludes that the claims in the instant matter are suitable for a jury trial. Therefore, this factor weighs in favor of granting the motion for jury trial.

### 2. *Whether Granting the Motion Would Disrupt the Schedule of the Court or the Adverse Party*

Next, the Court must consider whether allowing a jury trial would disrupt the schedule of the Court or the adverse party. Blake does not argue that a jury trial would disrupt his schedule and the Court sees no reason to make any findings to the contrary.

However, a jury trial would disrupt the schedule of the Court. As a result of the COVID-19 pandemic, the Court suspended civil and criminal jury and bench trials, as appropriate, over the past two and a half years. *See e.g.* Order Concerning Operations of the District Court of the Virgin Islands During the COVID-19 Outbreak, Miscellaneous No. 2020-0001 (Mar. 17, 2020). Having resumed operations, the Court's calendar is now inundated with criminal jury trials which necessarily take precedence over civil proceedings to protect criminal defendants' right to a speedy trial. *See, e.g., Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 396 (D.N.J. 1998) ("A civil trial, however, may be delayed by the need to comply with the Speedy Trial Act.") (citing *United States v. Claros,* 17 F.3d 1041, 1042 (7th Cir.1994)).

The nature of jury trials necessarily requires considerably more resources and time than bench trials. It is simply not possible for the Court to accommodate a discretionary jury trial at this time or for the foreseeable future without imposing further burden on the Court's already oversaturated calendar.

Therefore, because a jury trial would disrupt the schedule of the Court, this factor weighs against granting the instant motion.

### 3. Whether Any Prejudice Would Result to the Adverse Party

Under the third *Infinity* factor, courts consider whether granting the motion would result in prejudice to the adverse party. Courts have found prejudice where the parties could incur additional expenses to adequately prepare for trial,[4] where the adverse party's strategic decisions were based on the assumption of bench trial,[5] and where the discovery deadline had expired.[6] Conversely where the adverse party fails to indicate precisely how it would be prejudiced and instead relies only on "bald averments," courts have found no prejudice. *P.C. Data Centers of Pa., Inc. v. Fed. Express Corp.*, 113 F. Supp. 2d 709, 721 (M.D. Pa. 2000) (citing *Plummer v. General Elec. Co.*, 93 F.R.D. 311, 313 (E.D.Pa.1981)).

Blake argues that "permitting a jury trial of this business dispute would prejudice Blake because it would assist Todd in pursuing his stated promise to bankrupt Blake." (ECF No. 107 at 8.) In supports, he cites to an email in which Todd allegedly writes: "I will spend the next 2 years and $1,000,000 making sure this litigation bankrupts you and sinks the boat." (ECF No. 207-1 at 2.) Presumably, a jury trial would assist in this alleged "promise" by causing Blake to incur additional expenses. These expenses are not specified.

This allegation, while deeply concerning, lacks precision. However, the circumstances under which the motion has been brought are otherwise indicative of prejudice. Here, discovery has long since closed, and the parties have confirmed that "all discovery is complete except for the depositions of the experts." (ECF No. 227.) Blakes argument here indicates that he has proceeded with the expectation of a bench trial. A change in strategy would likely require the reopening of discovery would result in additional expenses. The Court can reasonably conclude that Blake would be prejudiced by a jury trial. Therefore, the Court finds that this factor weighs against granting the instant motion.

### 4. How Long the Party Delayed in Bringing the Motion

---

[4] *See MicroBilt Corp. v. Fid. Natl'l Info. Servs.*, Civ. No. 11-02488 (MBK), 2014 U.S.Dist. LEXIS 167290, at *16; *Reis v. Barley, Snyder, Senft & Cohen LLC*, Civ. No. 05CV01651, 2008 WL 859238, at *6 (E.D.Pa. Mar. 27, 2008.)
[5] *See Ballas v. City of Reading*, Civ. No. 00-cv-2943, 2001 U.S. Dist. LEXIS 7966, at *4-5 (E.D. Pa. June 12, 2001); *Katzenmoyer v. City of Reading*, Civ. No. 00-cv-5574, 2001 U.S. Dist. LEXIS 15930, at *3-5 (E.D. Pa. Aug. 6, 2001)
[6] *See Fort Washington Res., Inc. v. Tannen*, 852 F. Supp. 341, 342 (E.D. Pa. 1994).

The fourth *Infinity* factor asks the Court to consider the length of the delay in bringing the motion for jury trial. As previously noted, under Rule 38, parties have 14 days from the date that the last pleading directed to the issue was served. Rule 81 allows jury demands within the 14 days after a party files a notice of removal or is served with a notice of removal. Todd filed the instant matter in the Superior Court of the Virgin Islands on December 21, 2016. (ECF No. 1-3.) No jury trial was demanded at that time. *Id.* The matter was removed to this Court on February 13, 2017. Accordingly, Todd had until February 27, 2017, to file his jury trial demand.

Todd did not file a jury trial demand by February 27, 2017. The instant motion for jury trial was filed on March 23, 2021. (ECF No. 201.) This motion is untimely by more than four years.

In *Infinity*, the Third Circuit found that the district court did not abuse its discretion when it denied a Rule 39(b) motion filed only two and half months after the last answer in the case was filed. *See Infinity*, 212 F.3d at 195. District courts in this circuit also routinely deny such motions based on far less egregious delays. *See Faylor v. Szupper,* Civil Action No. 08-996, 2009 U.S. Dist. LEXIS 101779 (W.D. Pa. Nov. 2, 2009) (delay of five months); *Lee v. Boyle-Midway Household Prods., Inc.*, 785 F. Supp. 533 (W.D. Pa. 1992) (delay of approximately one year); *Shen Mfg. Co. v. Family Dollar Stores, Inc.*, No. 06-0190, 2006 U.S. Dist. LEXIS 79820 (E.D. Pa. Oct. 31, 2006) (delay of six months). A delay of this duration is intolerable, and Todd's many backdoor attempts to quietly rescind his waiver of jury trial in the four years preceding the instant motion do not diminish the severity thereof. Therefore, Court finds that this factor weighs heavily against granting the instant motion.[7]

### 5. *Reasons for the Failure to File a Timely Demand*

Finally, the Court must consider the moving party's proffered reasons for the failure to file a timely demand. Todd contends that his "new counsel was unaware" that Todd's prior counsel had not filed a jury demand. (ECF No. 201 at 6.) He further argues that any delay attributable to his new counsel is because Todd "did not know that [Blake] would make this eleventh-hour representation that there should be no jury trial." *Id.* Todd next states that

---

[7] Todd's stated argument with regard to the fourth factor addresses the reason for the delay, not the delay itself. Therefore, the Court will consider this argument under the fifth *Infinity* factor.

"there is no indication" why a jury demand was not timely served. *Id.* However, Todd argues that, assuming inadvertence or oversight of prior counsel, the Third Circuit has advised that courts should not automatically deny relief based solely on this error.

As an initial matter, the Court cannot simply assume inadvertence of prior counsel. There is no indication that this "failure" to demand a jury trial was anything but a strategic choice. Prior counsel did not include a jury trial demand in the complaint. *See* ECF No. 1. The lack of jury demand was affirmatively reiterated in the civil cover sheet accompanying the removal to court. *See* ECF No. 1-1 (Blake selected "No" in response to whether a jury demand was requested in the complaint) No attempts were made to file a jury demand during the course of representation by prior counsel. If Todd's new counsel disagrees with prior counsel's trial strategy, she cannot abuse Rule 39 to right the ship. *Burgess v. Hendley*, 26 V.I. 173, 176 (1991) ("Rule 39(b) is simply not designed to encourage belated changes of trial strategy.")

However, in the event that the failure to demand a jury trial was due to prior counsel's inadvertence, the delay is not necessarily excusable. "Mere inadvertence, oversight, or lack of diligence alone generally does not justify granting a party's untimely demand for a jury trial."*Ebron v. Golden Living Ctr.-Stenton*, Civ. No. 14-03080, 2015 WL 1021301, at *3 (E.D. Pa. Mar. 9, 2015) (citing *Infinity*, 212 F.3d at 195.).

While it is true that the Third Circuit in *Infinity* stated that denial of relief based solely on the inadvertence or oversight of counsel is not "a mechanical rule," it did not instruct the courts to forgive all instance of attorney error. *Infinity,* 212 F.3d at 195. Rather, courts today may still find that inadvertence weighs against the moving party, but inadvertence alone is not dispositive. *See, e.g.*, *Trotman v. Smith*, Civ. No. 1:20-cv-00068 (ERIE), 2020 WL 6743267, at *2 (W.D. Pa. Nov. 17, 2020); *Vangjeli v. Banks*, Civ. No. 19-1635, 2020 WL 1704455, at *3 (E.D. Pa. Apr. 8, 2020), *Scharf v. Blackstone Grp. L.P.*, Civ. No. 13-4089, 2015 WL 1975439, at *4 (E.D. Pa. May 4, 2015).

Furthermore, the Court must consider the proffered reason that Todd's present counsel, who first entered an appearance in July of 2018, waited almost three years to move for a jury trial. Todd effectively argues that because Blake did not address Todd's failure to

demand a jury, he waived his right to object. In doing so, he is placing the burden on Blake to enforce Todd's waiver of his jury trial rights.

It is certainly concerning that Blake waited until now to lodge his objections. Blake admits error on his part with regard to the jury reference in the Report. However, there is no evidence of bad faith, and although Blake's own oversight muddies the analysis, it was, at least in part, due to his understanding that a jury trial had been waived.

Moreover, and perhaps more importantly, Blake's carelessness does not invalidate Todd's waiver. Todd waived his right to a jury trial as of February 27, 2017. The only means to revive that waiver was on motion, under Rule 39. Otherwise, "relief from a waiver of the right to proceed before a jury would encourage chicanery while failing to encourage and reinforce familiarity with the Federal Rules of Civil Procedure. . . ." *Lee v. Boyle-Midway Household Prods., Inc.*, 785 F. Supp. 533, 536 (W.D. Pa. 1992). The Court is compelled to take action that would encourage adherence to the rules. Accordingly, the fifth factor weighs against granting the motion for jury trial.

## IV. CONCLUSION

Todd waived his right to a trial by jury when he failed to demand a jury trial prior to February 27, 2017. A motion under Rule 39 was required to revive Todd's right to jury trial. Four of the five discretionary factors articulated by the Third Circuit in *Infinity* weigh against granting the motion for jury trial. The Court finds little justification to disturb Todd's longstanding waiver. Therefore, the Court will deny Todd's motion for jury trial.

An appropriate order follows.

**Dated:** December 15, 2022           /s/*Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **Chief Judge**